[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16354
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00086-KD-N-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM JAMES ATKINSON, III,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 9, 2013)

Before CARNES, Chief Judge, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

William Atkinson, III, was convicted after a jury trial of one count of

conspiracy to commit an offense against the United States, in violation of 18

U.S.C. § 371, and one count of obstruction of justice, in violation of 18 U.S.C. § 1519.  On appeal, he argues that § 1519 is unconstitutionally vague as applied to his case and that his convictions were not supported by sufficient evidence that he intended to impede a contemplated investigation.  After careful review, we affirm.

## I.

We recite the relevant facts in the light most favorable to the jury's verdict. *See United States v. Haile*, 685 F.3d 1211, 1219 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1723, 1724 (2013).  One of Atkinson's sons, William, IV (Will), operated an orphanage in Honduras with his brother Jonathan.  While Jonathan was working at the orphanage, a child told him that Will had sexually abused him.  Shortly thereafter, Jonathan secretly placed a video camera in Will's office to obtain proof of the abuse.  The camera wirelessly transmitted a video stream to a digital video recorder (DVR), which contained a hard drive that stored the video.

After obtaining several days of recordings, Jonathan returned to the United States with the DVR and reviewed the video, which showed Will sexually abusing a 14-year-old male.  Jonathan transported the DVR to the family's home in Mobile, Alabama, and showed portions of the recording to his father and two of his brothers, Matthew and Andrew.  Jonathan also made a copy of excerpts of the video and gave it to his friends Joe and Tracy Lepro.

At some point after the Lepros obtained the video, Atkinson directed his son Matthew to erase the DVR.  After doing so, Andrew and another one of Atkinson's sons, Joshua, took the DVR outside and repeatedly shot it.  Atkinson later directed Andrew and Jonathan to destroy it, but Joshua informed his father that it was already taken care of.  Meanwhile, Joe and Tracy Lepro gave their copy of the video to the Mobile County Sheriff's Office, which alerted the Department of Homeland Security (DHS) to its existence.  DHS assigned Special Agent Angelo Fermo to investigate both the sexual abuse Will committed in Honduras and Jonathan's transportation and possession of child pornography.  Special Agent Fermo questioned Atkinson, who explained that he had ordered his sons to destroy the DVR because he did not want to see Will or Jonathan go to jail.  The jury convicted Atkinson of conspiracy and obstruction of justice in connection with his role in the destruction of the video.  This is Atkinson's appeal.

## II.

Atkinson first contends that 18 U.S.C. § 1519 is unconstitutionally vague as applied to his case. We review *de novo* whether a criminal statute is void for vagueness as applied to a defendant's conduct. *United States v. Nelson*, 712 F.3d 498, 504 (11th Cir. 2013).  A criminal statute is unconstitutionally vague when it "fails to provide a person of ordinary intelligence fair warning, or authorizes arbitrary and discriminatory enforcement." *United States v. Lebowitz*, 676 F.3d

1000, 1012 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1492 (2013).  A challenge for vagueness will fail, however, where a defendant's actions "clearly fall within the intended reach of the . . . statute."  *United States v. McGarity*, 669 F.3d 1218, 1233-34 (11th Cir.), *cert. denied*, 133 S. Ct. 374, 378, 381, 459, 551 (2012).

The obstruction-of-justice statute under which Atkinson was convicted provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . . , or in relation to or contemplation of any such matter or case, shall be [in violation of this statute].

18 U.S.C. § 1519.  Atkinson argues the statute is unconstitutionally vague as applied to his conduct, asserting that he did not contemplate a future investigation within a federal agency's jurisdiction because the abuse recorded on the DVR occurred in Honduras.  But Atkinson's subjective beliefs are irrelevant to whether § 1519 is unconstitutionally vague.  *See United States v. Duran*, 596 F.3d 1283, 1290 (11th Cir. 2010) (explaining that a criminal statute is void for vagueness where "one *could not reasonably understand* that his contemplated conduct is proscribed" (emphasis added) (internal quotation marks omitted)); *see also Lebowitz*, 676 F.3d at 1012 ("A defendant's ignorance of the law is not a defense . . . .").  And the trial testimony indicated that Atkinson was concerned that

4

his son Jonathan would be prosecuted for possession and transportation of child pornography. It is beyond dispute that ordering the erasure of a hard drive containing child pornography, the very possession of which violates federal law, falls within the intended reach of § 1519. Atkinson's vagueness challenge therefore fails. *McGarity*, 669 F.3d at 1233-34.

## III.

Atkinson next asserts that the district court erred in denying his motion for judgment of acquittal based on insufficient evidence. We review the district court's denial of this motion *de novo*, viewing the evidence and making all reasonable inferences and credibility determinations in favor of the jury's verdict. *Haile*, 685 F.3d at 1218-19.

Atkinson contends the jury lacked sufficient evidence to conclude beyond a reasonable doubt that he intended to impede a contemplated future investigation when he ordered the DVR's erasure and destruction. We disagree. Special Agent Fermo testified at trial that Atkinson told him that he was concerned his son Jonathan "had possibly brought . . . child pornography . . . into the country" and that "he didn't want to see either one of his sons go [to] jail." Although Atkinson made these statements after he ordered the destruction of the DVR, the jury could reasonably interpret them as an explanation of Atkinson's motive, namely that he contemplated an investigation into Jonathan's transportation and possession of

5

child pornography and wanted to interfere with it to prevent his or Will's prosecution. Hence, the district court properly denied Atkinson's motion for judgment of acquittal.

**AFFIRMED.**